IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:09CR272 |
| vs. | MEMORANDUM AND ORDER |
| MICHAEL D. MCCROY, | |
| Defendants. | |

This matter is before the court on defendant's motion to vacate under 28 U.S.C. § 2255. Filing No. 240. Defendant pleaded guilty to Count II of the indictment, charging him with attempted bank robbery. Filing No. 190, Filing No. 193 and Filing No. 211. In exchange, the government dismissed Counts I and III of the indictment. *Id*. Pursuant to a Fed. R. Crim. P. 11(c)(1)(C) agreement, the parties agreed to an 180-month sentence, followed by five years of supervised release, and an order for restitution. *Id*. He further agreed to no appellate review with the exception of prosecutorial misconduct and ineffective assistance of counsel. Defendant did not appeal. In his § 2255 petition, defendant argues that two of his attorneys were ineffective and that the prosecutor is guilty of misconduct.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner has "an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)). Ineffective assistance of counsel issues are appropriately raised in collateral proceedings. *See United States v.*

*Hughes,* 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison,* 477 U.S. 365, 374 (1986). Under the Fifth and Sixth Amendments, a criminal defendant is entitled to assistance of counsel at trial and at his first appeal as of right. *See Gideon v. Wainwright,* 372 U.S. 335, 344 (1963); *Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985) (the fundamental right to effective assistance of counsel extends to a criminal defendant's first appeal as of right). The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice).'" *King v. United States,* 595 F.3d at 852 (quoting *Alaniz v. United States,* 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States,* 600 F.3d 900, 906 (2010) (quoting *Strickland,* 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.*; *Bobby v. Van Hook,* 130 S. Ct. 13, 16 (2009) (per curiam). We must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland,* 466 U.S. at 688. The reasonableness of counsel's challenged conduct must

be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *King*, 595 F.3d at 852.

Under *Strickland*, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (quoting *Strickland*, 466 U.S. at 690). The Eighth Circuit has "consistently held that a reasoned decision not to call a witness 'is a virtually unchallengeable decision of trial strategy,' in part because 'there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences.'" *Id.* (quoting *United States v. Staples*, 410 F.3d 484, 488-89 (8th Cir. 2005)). Also, counsel is not necessarily ineffective for failing to raise an argument that may have had merit but was a wholly novel claim at the time. *See King*, 595 F.3d at 853; *Alaniz*, 351 F.3d at 368 (finding deficient performance in failure to raise improper aggregation of drug quantity at sentencing and on appeal).

To establish prejudice under *Strickland*, a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault*, 598 F.3d 990, 996 (2010). In the sentencing context, prejudice can be found with a showing that, had an argument been presented, a defendant likely would have received a much shorter sentence. *King,* 595 F.3d at 852-53. "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of Strickland." *Alaniz,* 351 F.3d at 368; *see also United States v. Spigner*, 416 F.3d 708, 711 (8th Cir. 2005); *King,* 595 F.3d at 853-54.

## DISCUSSION

### A. Attorney Steve Achelpohl

Defendant first argues that his counsel Steve Achelpohl was ineffective for failing to move to dismiss the indictment for speedy trial violations. Second, defendant contends that Achelpohl failed to interview certain witnesses or personally view evidence. Third, defendant contends that Achelpohl failed to file key motions prior to the pretrial deadline expiring.

### B. Attorney Matthew F. Heffron

Defendant argues that Heffron did not diligently study his case, inserted erroneous arguments in his motion, failed to ask for additional DNA tests, failed to call a dispatch witness who would testify that the 911 caller said "two white males," failed to aggressively acquire all Rule 16 material, failed to file a speedy trial violation motion, failed to conduct criminal background checks on the witnesses, and failed to object to the restitution part of the sentence.

### C. Prosecutorial Misconduct

Defendant contends that the prosecutor presented false documents. Further, the defendant argues that the prosecutor miscalculated the restitution.

### D. Analysis

#### 1. Restitution

With regard to any claim regarding restitution, such claim is without merit. Restitution claims are not cognizable under § 2255 actions. *See United States v. Bernard,* 351 F.3d 360, 361 (8th Cir. 2003) (inmate cannot challenge restitution portion

of his sentence using § 2255 because statute affords relief only to prisoners claiming right to be released from custody).

### 2. Prosecutorial Misconduct

With regard to the prosecutorial misconduct claims, those are likewise without merit in this case. The defendant has alleged no flagrant misconduct or substantial prejudice on the part of the government. Such conduct must be alleged in order to pursue a claim of prosecutorial misconduct. *See* [United States v. Babiar, 390 F.3d 598, 600 (8th Cir. 2004)](#) (*citing* [United States v. Manthei, 979 F.2d 124, 126-27 (8th Cir. 1992)](#)). Likewise, defendant failed to raise this issue on appeal, which bars his claim in this action. *See* [United States v. Matthews, 114 F.3d 112, 113 (8th Cir. 1997)](#).

### 3. Ineffective Assistance Claims

The court now turns to the claims of ineffective assistance of counsel. The court first finds that even if additional DNA results had been conducted,[1] even if the dispatcher had been subpoenaed,[2] even if criminal background checks had been conducted on the witnesses, defendant cannot show prejudice in this case. The witness at a neighboring Fazoli's restaurant watched defendant enter and exit, and then saw the police apprehend him. Defendant cannot, with this requested eyewitness testimony and evidence, show the court that the outcome would have been different. Whether the primary witness, Lacy Kussman, had a criminal background or not would likewise not have changed the outcome of the case. She admitted to purchasing the

---

[1] This court previously addressed this hearing at a hearing for co-defendant Jackson and determined there was no *Brady* requirement for such a test to be conducted. Filing No. 93.

[2] This testimony by the dispatcher might very well have been hearsay and inadmissible in any event.

taser in question in this bank robbery and giving it to the defendant. The evidence of guilt in this case was overwhelming.

Defendant contends that counsel failed to personally review the clothing items in the government's possession. However, defendant does not tell this court why such a failure of counsel to personally review the clothing would be prejudicial. There is no dispute that this clothing came from McCroy's body. The court finds this failure does not fall below the professional norms, nor does defendant show that such failure was prejudicial to his case.

Defendant argues that counsel failed to file pretrial motions, and in particular, a motion to dismiss for speedy trial violations. In addition, defense counsel did file a pretrial motion but failed to support it with a brief, and defendant argues this is ineffective assistance. During the motion to suppress, defendant told the magistrate judge he had certain motions he wanted counsel to file. Mr. Achelpohl told the court that he would file those motions that were ethically appropriate. With regard to the failure to file a brief in support of the motion to suppress (Filing No. [57](#)), the magistrate judge admonished counsel, but noted that counsel had filed a lengthy motion and index in support. This court reviewed the motion to suppress and denied the same. Defendant can show no prejudice to the outcome of his case as a result of counsel's failure to file a brief. Counsel also filed pretrial motions in this case. Defendant points to no motions that counsel could have filed that would have made a difference in the outcome of the case, nor did he show how he was prejudiced as a result of failing to file a motion. Accordingly, the court finds these claims also lack merit.

Defendant next argues that certain phone calls made by him from the jail, which were recorded, should have been suppressed. With regard to these recorded phone calls between defendant, his girl friend, and Jackson, defendant argues these are not co-conspirator statements, as the conspiracy was over once he was arrested. Defendant contends his counsel should have sought to suppress all of these statements offered against him. The court finds again that these statements involved the robbery in terms of attempts to retrieve and destroy the evidence. Accordingly, they clearly were part of the conspiracy, were not hearsay, and were admissible under [Fed. R. Evid. 801(d)(2)(E)](). The government is correct that the statements were part of the conspiracy and admissible under the Federal Rules of Evidence. Defendant has failed to show that his counsel was ineffective in this regard.

Defendant next argues that counsel should have filed a motion to dismiss for a speedy trial violation. However, this court did in fact address the speedy trial issue and found defendant's argument to be without merit. Filing No. [182](). Thus, defendant cannot show any prejudice by the lack of an initial motion to dismiss for a speedy trial violation.

There is no evidence that Mr. Achelpohl failed to turn over his entire discovery after withdrawing from the case. There are no assertions by Mr. Heffron that he did not receive the necessary discovery materials. There is no ineffective assistance issue here and the claim is without merit.

Defendant contends that during the sentencing phase his attorney was ineffective. The plea agreement set forth the sentence at 180 months. Defendant again argues regarding the quantity of restitution calculated by the court. The court has

already addressed the issue of restitution, and it is not before the court in this § 2255 motion.

Defendant contends his counsel was ineffective when he did not file a motion to recuse this court, because there existed both a civil and criminal case at the same time dealing with this defendant. Defendant fails to show that this equates to ineffective assistance. The civil and criminal cases are unrelated. The recusal or not would have no impact on the result in this case, and defendant is unable to show any prejudice as a result of failure to file such a motion.

THEREFORE, IT IS ORDERED that defendant's motion for relief pursuant to 28 U.S.C. § 2255, Filing No. 240, is denied. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 23rd day of July, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.